WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Juan Francisco Ortega-Rubio, | ) | No. cv-08-2132-PHX-ROS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Alan Horowitch, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Alan Horowitch's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), and 12(b)(6) (Doc. 16). Defendant alleges that (a) Plaintiff's purported service of process is invalid, (b) federal court jurisdiction is improper, and (c) the events referenced in Plaintiff's complaint are outside the statute of limitations. For the reasons stated herein, Defendant's Motion will be granted.

## I. BACKGROUND

Defendant Alan Horowitch is a physician licensed to practice in the state of Arizona. Dr. Horowitch treated Plaintiff Juan Ortega-Rubio at his Yuma practice between January 22, 2003 and October 8, 2003. Plaintiff complained of lower back pain due to a workplace injury. On December 17, 2004, Defendant terminated his professional relationship with Plaintiff, writing that he would provide emergency treatment only for the next 30 days as Plaintiff found a new physician.

1    Subsequently, Plaintiff brought suit against Defendant. Plaintiff's precise claims are unclear. It appears that he alleges that Defendant did not properly treat or diagnose Plaintiff and that Defendant's alleged failure to fill out paperwork meant that Plaintiff lost a vocational rehabilitation benefit he otherwise would have been entitled to.

## II. ANALYSIS

Because "it is this court's duty to see that [its] jurisdiction, defined and limited by statute, is not exceeded," Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1026 (9th Cir. 1995), the question of subject matter jurisdiction will be taken up first. Fed. R. Civ. P. 12(b)(1) allows a party to assert, by motion, the defense of lack of subject matter jurisdiction. When deciding such a motion, "it is well-settled that the complaint will be construed broadly and liberally, in conformity with the general principle set forth in Rule 8(f)." C. A. Wright, et al., Federal Practice and Procedure § 1350 (2004). However, "once a factual attack is made on the federal court's subject matter jurisdiction, the district judge is not obliged to accept the plaintiff's allegations as true and may examine the evidence to the contrary and reach his or her own conclusions on the matter." Id. See also, Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987). Defendant notes that Plaintiff fails to set forth a "short and plain statement" of his claims and ground for jurisdiction pursuant to Federal Rules of Civil Procedure 8(a).

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (citing Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1226 (9th Cir. 1989)). Courts construe liberally complaints drafted by *pro se* plaintiffs. Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004). Accordingly, as Plaintiff has not stated the basis for jurisdiction, it is appropriate to consider whether either diversity jurisdiction or federal question jurisdiction exists based on the facts alleged in his Complaint.

### A. Diversity Jurisdiction

1   Jurisdiction for reason of diversity of citizenship is vested by 28 U.S.C. § 1332 which grants federal district courts original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. Id.

Defendant states that he is an Arizona citizen. Horowitch Aff., Def. Ex. 1. Plaintiff does not state his citizenship. However, he has an Arizona address and all actions that are the basis of this suit (i.e., Plaintiff seeking and receiving medical treatment from Defendant) took place in Arizona. Plaintiff's Complaint states that he was participating in a Vocational Rehabilitation program based in Arizona and his exhibits show that he applied for disability in Arizona, suggesting that he is a citizen of the state. Pl. Ex. 12. Nor does Plaintiff allege that either he or Defendant is not an Arizona citizen in his response. Accordingly, there is no basis to suggest that either Plaintiff or Defendant are non-Arizona citizens.

Further, Plaintiff does not make a specific monetary demand, meaning that there is no way to determine whether the amount in controversy requirement is met. Therefore, on the face of the complaint and the facts presented, this Court does not have jurisdiction through diversity of citizenship.

### B. Federal Question Jurisdiction

The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809, n. 6 (1986).

Here, Plaintiff makes no mention of any constitutional or statutory provision, nor pleads the elements of any such claim. Insofar as he does present a specific claim against Defendant, it appears to be a medical malpractice claim, or something akin to it. Such claims are generally decided under state law. See, e.g., A.R.S. § 12-562 *et seq*.

As such, Plaintiff has not meant his burden of proving jurisdiction.[1]  Accordingly,

**IT IS ORDERED** Defendant's Motion (Doc. 16) is **GRANTED**.  Plaintiff's suit is **DISMISSED**.

DATED this 16th day of July, 2009.

_____
Roslyn O. Silver
United States District Judge

---

[1] Plaintiff has several motions pending that seem, in effect, to be asking for a default judgment due to Defendant's alleged late response.  However, a district court that lacks subject matter jurisdiction also lacks jurisdiction to enter a default judgment.  See, e.g., In re Mystic Tank Lines Corp., 544 F.3d 524, 528 (3d Cir. 2008).  Accordingly, upon finding that federal jurisdiction is lacking, the issue becomes moot.